**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: August 16 2013

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-34480 |
| | ) | |
| Joel P. Brady, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 13-3063 |
| | ) | |
| Bruce Comly French, Trustee, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Tiffany Butler, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDER

This adversary proceeding is before the court upon Plaintiff-Trustee's "Complaint for Turnover of Property" ("Complaint") [Doc. #1]. Plaintiff is the duly appointed and acting trustee in underlying Chapter 7 Case No. 12-34480 pending in this court, and brings this action solely in his official capacity and not in his individual capacity. The Defendant is an individual who owes the Debtor a liquidated debt that is now property of the bankruptcy estate.

On April 30, 2013, the Clerk issued a summons and notice of pre-trial conference [Doc. # 3] as to Defendant. The summons required an answer or other response to the Complaint to be filed by May 30, 2013, and scheduled a pretrial conference.

The court held the pretrial conference on June 6, 2013. Plaintiff appeared in person. [Doc. # 7]. There was no appearance by or on behalf of Defendant and the record shows that Defendant had not responded to the Complaint. The Clerk accordingly docketed an Entry of Default as to Defendant [Doc. ## 13, 14] and Plaintiff was ordered to file a Motion for Default Judgment ("Motion") [Doc. # 7].

The Motion was filed on June 24, 2013. [Doc. # 8]. The Motion was served by first class mail on Defendant at the address at which the Complaint was served. [*Id.*]. The court scheduled a hearing on the Motion and notice of this hearing was also properly served on Defendant. [Doc. ## 10, 11].

On August 15, 2013, the court held the hearing on the Motion. Plaintiff appeared by telephone. Plaintiff complied by Affidavit with the federal Servicemembers Civil Relief Act as a predicate to entry of default judgment. [*See* Doc. # 8, pp. 3-4/5]. There was no appearance by or on behalf of Defendant at the hearing and a review of the record shows that no answer or other response to the Complaint or Motion has been filed. Therefore, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, Plaintiff's Motion for Default Judgment will be **GRANTED.**

The district court has jurisdiction over the underlying Chapter 7 bankruptcy case, 28 U.S.C. § 1334(a), and all related proceedings, including this adversary proceeding, 28 U.S.C. § 1334(b). The Chapter 7 case and all related proceedings, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio. This contested matter is a core proceeding because it involves an order to turn over property of the estate and affects liquidation of assets of the estate. 28 U.S.C. §

157(b)(2)(E) and (O).

The court finds that notice, including the service of the summons and Complaint pursuant to Fed. R. Bankr. P. 7004(b)(7) and Ohio Civ. R. 4.2(A), has properly been served upon Defendant by certified mail, postage prepaid, as evidenced y the signed "green card" receipt. [Doc. # 6, p.3/3]. In further support, the court notes that no notices or mailings to Defendant have been returned to the court. Thus, the court finds that the Defendant has failed to appear, plead, or otherwise defend this action.

The court finds that the well-pleaded allegations of the Complaint constitute a valid cause of action as to Defendant, and deems them as true. Plaintiff is collecting a liquidated debt owed to Debtor as a result of his pre-petition rental of real property to Defendant. Under 11 U.S.C. § 541(a), the funds owed to Debtor are property of the estate that the Trustee is authorized to collect. 11 U.S.C. § 704(a). In the absence of evidence to the contrary, and based on the averments of fact in the Complaint, the court finds that Defendant owes the Debtor the liquidated amount sought of $2,150, and that the Trustee is entitled to turnover of and judgment for the liquidated amount sought as the duly appointed representative of the Debtor's bankruptcy estate. For good cause shown,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment [Doc. # 8] is hereby **GRANTED**. A separate final judgment against Defendant will be entered in accordance with this Memorandum of Decision and Order.

###

3

13-03063-maw    Doc 17    FILED 08/16/13    ENTERED 08/16/13 16:31:17    Page 3 of 3